(No. 2031— )

ARCH LeBAW, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1933.*
*Rehearing denied January 9, 1934.*

PARKER AND EAGLETON, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On April 12, 1933 claimant filed his declaration in this court averring that he had received personal injuries while in the performance of his duties as a State Highway Patrolman. It appears that on the 17th day of August, 1929, while in the performance of his duties in the neighborhood of Salem, Illinois, while riding his motorcycle in a southerly direction a person or persons driving in the opposite direction suddenly turned to the west and ran into the claimant, throwing him

to the ground injuring his left arm, left leg and foot. Claimant alleges damages in the sum of $2,500.00.

The Attorney General has made a motion to dismiss because it does not appear that claimant complied with the terms and provisions of Section 24 of the Workmen's Compensation Act of 1911, as subsequently amended. The statute provides that a claimant for compensation must make a demand within six months after the date of the accident, which in this case was on August 17, 1931. There was no action taken in this case until April 12, 1933. Claimant returned to his work January 20, 1930, in the meantime having been appointed to the position of Sergeant.

The motion to dismiss is based upon the proposition that claimant has not complied with the terms and provisions of Section 24 of the Compensation Act of 1911 as subsequently amended, because no claim or demand appears to have been made upon the respondent by the claimant for compensation within six months after the date of the accident on August 17, 1931. We think that a compliance with the statute is jurisdictional. The Supreme Court in the case of *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386, and in other cases, held that no proceeding for compensation shall be maintained unless claim for compensation has been made within six months after the accident. The making of such claim is jurisdictional and unless there is proof of the claim being made there is no jurisdiction. The motion, therefore, to dismiss will be allowed. Case dismissed.